UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ULISSES TAVARES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEW JERSEY,<br><br>　　　　　Respondent. | Civil Action No. 07-3505 (DMC)<br><br>**MEMORANDUM**<br><br>**ORDER** |

IT IS APPEARING THAT:

Petitioner ULISSES TAVARES (hereinafter "Petitioner"), currently confined at F.C.I. Fort Dix, New Jersey, filed a pro se petition seeking a Writ of Habeas Corpus (hereinafter "Petition") and submitted an application to proceed in forma pauperis.

> On September 2, 1992, [Petitioner] pled guilty to possession of a controlled dangerous substance with the intent to distribute, in violation of N.J.S.A. 2C:35-5b(3). On October 9, 1992, the trial court sentenced [Petitioner] to a four-year term of probation, conditioned upon defendant serving 210 days in the county jail. [Petitioner] did not file a direct appeal from his 1992 conviction and sentence. On November 10, 1999, [Petitioner] filed a petition for post-conviction relief, which was subsequently withdrawn. On June 20, 2005, [Petitioner] filed another petition for post-conviction relief [(hereinafter "PCR")]. The [Superior Court of New Jersey] denied the petition on the grounds that it was filed beyond the five-year period allowed under the applicable court rule, see R. 3:22-12(a), and that it was lacking in merit in any event.

State v. Tavares, 2007 WL 845912, at *1 (N.J. Super. A.D., March 22, 2007). The Superior Court of New Jersey, Appellate Division, affirmed the decision of the trial court with respect to this state

offense (hereinafter "State Offense") finding Petitioner's appeal both time barred and meritless, see id., and the Supreme Court of New Jersey denied Petitioner certification. See State v. Tavares, 192 N.J. 68 (2007).

On February 9, 1995, apparently while Petitioner was on probation, a criminal complaint alleging federal offenses (hereinafter "Federal Offenses") was filed against Petitioner, causing his arrest on February 17, 1995. See USA v. Tavares, 95-CR-00173 (AGS), Docket Entries Nos. 1 and 2 (S.D.N.Y. 1995). In January 31, 1996, Petitioner was convicted on his Federal Offenses and sentenced to 240 months of imprisonment and ten years of probation. See id., Docket Entry No. 74.

Petitioner filed his instant Petition on July 31, 2007, alleging that (a) trial counsel defending Petitioner with respect to his State Offense was ineffective, see Docket Entry No. 1 (Instant Matter), at 1-13, and (b) his instant Petition challenging his pleading guilty to the State Offense is timely because it was filed within one year after the Supreme Court of New Jersey denied Petitioner certification. See Docket Entry No. 1-2, ¶ 18.

The Petition consists of the following documents:
(a) a document titled "Writ of Habeas Corpus Pursuant to the United States Constitution of 1787 Article I Section 9 Clause 2 for Vacatur of the Above Styled Case" (hereinafter "Writ for Vacatur") dedicated to allegation

2

      that a certain excerpt from the State Offense transcript indicates that "[t]he [state] court violated the plea process [and] Petitioner's counsel violated the Sixth Amendment Oath of Office," Docket Entry No. 1, at 2-4, and requesting relief in the form of "[g]rant[ing] motion on its face, [o]rder[ing] the State to respond, [o]rder[ing] the [e]videntiary [r]eview to properly dispose of this matter of vacatur of State conviction, and [ordering that] there should be no probable cause for the State's Attorney for New Jersey to appeal whatever this Court deems the appropriate relief," id. at 12;

(b)    an exhibit marked "Exhibit No. 2" consisting of a six page excerpt of the transcript partly replicated, see id., at 14-19;

(c)    copies of the orders issued by the Superior Court of New Jersey denying Petitioner's PCR and the Supreme Court of New Jersey denying Petitioner certification, see id., at 20-21;

(d)    a pre-printed 28 U.S.C. § 2255 Motion Form, see Docket Entry 1-2.

1.    In view of the foregoing, the nature of Petitioner's instant application is not clear from the face of the Petition. See generally, Pet.

3

2. This Court has no basis to construe Petitioner's application challenging his state proceedings as a petition filed pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255.

3. This Court has no basis to construe Petitioner's application as a petition filed pursuant to 28 U.S.C. § 2254, since:

   (a) The Petition fails to meet heightened pleading requirements applicable to § 2254 petitions. See McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254, Rule 2(c)).

   (b) If the Petition is construed as a § 2254 application, this Court appears to be without jurisdiction to entertain this matter, since Petitioner does not appear to be in custody pursuant to the state judgement that his Petition challenges. See Maleng v. Cook, 490 U.S. 488, 491 (1989); see also Hensley v. Municipal Court, 411 U.S. 345 (1973); Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972).

   (c) The Petition is woefully time barred, since

   i. Petitioner's statute of limitations expired on April 23, 1997,[1] and

---

[1] On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). However,

4

      ii. The Petition is silent as to any grounds qualifying Petitioner for equitable tolling under the standard set forth in <u>Pace v. DiGuglielmo</u>, 125 S. Ct. 1807, 1814 (2005), and <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 618 (3d Cir. 1998), with respect to the period running from April 23, 1997, to July 31, 2007, the date of Petitioner's filing of the instant Petition. <u>See</u> <u>generally</u>, Pet.

4. This Court has no basis to construe Petitioner's application as a petition filed pursuant to 28 U.S.C. § 2241. <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 662 (1996); <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001).

5. This Court has no basis to construe Petitioner's application as a <u>coram</u> <u>nobis</u> petition cognizable in federal courts. <u>See</u> <u>Evola v. AG of the United States</u>, 2006 U.S. App. LEXIS 18863, at *4-8 (3d Cir. N.J. July 26, 2006); <u>see</u> <u>also</u> <u>Shelton v. United States</u>, 2006 U.S. App. LEXIS 25554., at *4 (3d Cir. Oct. 12, 2006) (citing <u>Obado v. New Jersey</u>, 328 F.3d 716 (3d Cir. 2003) (<u>per</u> <u>curiam</u>)).

---

because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. <u>See</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003); <u>Nara v. Frank</u>, 264 F.3d 310, 315 (3d Cir. 2001); <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998). Absent statutory or equitable tolling, the limitations period expired on April 23, 1997. <u>See</u> <u>id.</u>

5

6.   Being unable to establish the intended nature of Petitioner's instant application or this Court's jurisdiction over it, or timeliness of the Petition, and having no obligation to correct Petitioner's errors, see Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"), this Court will dismiss the Petition without prejudice to Petitioner's filing another application, provided that such application properly identifies the nature of Petitioner's action, states the basis for this Court's jurisdiction and verifies timeliness of Petitioner's application.[2]

**THEREFORE IT IS** on this _10_ day of _Sept_, 2007, **ORDERED** that Petitioner's instant application is dismissed without

---

[2] Petitioner's instant Petition was filed without Petitioner's payment of due filing fee or his submission of a proper application to proceed in forma pauperis. Petitioner is, therefore, reminded that, if Petitioner elects to file another application, Petitioner shall submit due filing fee or a complete in forma pauperis application. See 28 U.S.C. § 1915; Local Civil Rule 54.3(a).

prejudice to Petitioner's filing of a proper application;[3] and it is further

**ORDERED** that the Clerk of the Court shall serve Petitioner a copy of this Order by regular mail and close the file in this matter.

/s/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
**United States District Judge**

---

[3]

Since it appears that the Petition, if intended to operate as a § 2254 application, has been time barred for more than ten years, it appears that Petitioner cannot be disadvantaged by dismissal. However, if Petitioner (a) intended the Petition to operate as a § 2254 application, **and** (b) is in custody pursuant to the State Offense conviction, **and** (c) has valid grounds for equitable tolling covering the period from April 23, 1997, to July 31, 2007, **and** (c) files a proper § 2254 application within thirty days from the date of entry of this Order, this Court will construe such § 2254 application as Petitioner's amended § 2254 petition and will deem it filed on July 31, 2007.

7